**Tarsem SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–76701.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 13, 2009.

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Teresa C. Turner, Esq., U.S. Department of Justice Criminal Division/Fraud Section, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, TROTT, and RYMER, Circuit Judges.

MEMORANDUM **

Tarsem Singh, a native and citizen of India, petitions for review of a Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

Substantial evidence supports the IJ's denial of asylum because, even taking Singh's testimony as true, he failed to establish that his abuse by the Indian police was motivated, even in part, on account of a protected ground. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1044–45 (9th Cir. 2004). Because Singh's fear of future persecution is based on his past encounters with the Indian police, he has failed to show a well-founded fear of persecution on account of a protected ground. *See Fisher v. INS*, 79 F.3d 955, 961–62 (9th Cir.1996) (en banc).

Because Singh did not establish asylum eligibility, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We deny the petition as to Singh's CAT claim because the record does not compel the conclusion that it is more likely than not he will be tortured if returned to India. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1123 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.